The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner with minor technical modifications. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner, as follows:
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. The employee-plaintiff is a 31 year old female, who completed the tenth grade and has received her GED. Her date of birth is June 5, 1965.
2. The employee-plaintiff had been employed with the defendant-employer for approximately four years and eight months prior to December, 1993. Employee-plaintiff's job with defendant-employer was that of a spinner.
3. The employee-plaintiff worked two weekend days per week for 12-hour shifts each day. The employee-plaintiff's average weekly wage was $200.49. The employee-plaintiff continued to work these shifts until December 31, 1993.
4. During the month of November, 1993, the defendant-employer announced and the employee-plaintiff was informed that the employee-plaintiff's work shifts would change beginning January 1, 1994. The defendant-employer announced that the two weekend day, 12-hour shifts were being eliminated and the employee-plaintiff would be required to work a four-day shift one week and a three-day shift the following week. The shift change affected all "spinner" employees of the defendant-employer.
5. As a result of the change in shift, the employee-plaintiff voluntarily terminated her employment with the defendant-employer on December 31, 1993.
6. The employee-plaintiff first reported to the defendant-employer complaints of pain, numbness, and tingling in her fingers and hands on December 6, 1993. Prior to this date, the employee-plaintiff had not reported any complaints of her hands or arms to a doctor or the defendant-employer.
7. After being informed of the employee-plaintiff's condition, the defendant-employer referred the employee-plaintiff to First Health in Gastonia where she was fitted for wrist braces by Dr. Michael Thomas. The employee-plaintiff continued to work as a spinner.
8. The employee-plaintiff has also been seen by Dr. Mark Weissman, Dr. Forney Hutchinson, and Dr. Thomas Florack.
9. Dr. Hutchinson and Dr. Florack were unable to make a conclusive diagnosis of the plaintiff's condition. Dr. Weissman, who had seen the employee-plaintiff on one occasion, diagnosed employee-plaintiff with bilateral carpal tunnel syndrome. Dr. Weissman based this diagnosis on a six-month symptomology and his physical examination. Dr. Weissman has also stated that he could not support his opinion if the employee-plaintiff had a more abbreviated symptomology.
10. The employee-plaintiff had reported an abbreviated symptomology to Dr. Hutchinson and Dr. Florack. Dr. Hutchinson noted a two-month history of symptoms in January, 1994. Dr. Florack noted that the employee-plaintiff's symptoms began in the Fall of 1993. This symptomology is consistent with the employee-plaintiff's reports of her condition to the defendant-employer and doctors.
11. The employee-plaintiff was also employed part-time cleaning houses for at least one month prior to seeing a doctor for her condition. Dr. Weissman stated that the employee-plaintiff's housecleaning duties would be an aggravating factor of her condition. The employee-plaintiff was performing these housecleaning duties at the time she first reported her condition.
12. After voluntarily quitting her employment with the defendant-employer on December 31, 1993, the employee-plaintiff did not apply for another job until she was hired by the Lowe's Company on May 3, 1994. The employee-plaintiff is currently employed at Lowe's performing customer service duties and light stocking.
* * * * * * * * * *
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSIONS OF LAW
1. The employee-plaintiff has failed to present competent or convincing medical evidence that she has sustained an occupational disease compensable under the Workers' Compensation Act. G.S. 97-53 (13). While Dr. Weisman did diagnose carpal tunnel syndrome, his diagnosis was based upon a faulty history given to him by plaintiff, and thus the opinions of Dr. Hutchinson and Dr. Florack are accorded greater weight. There is insufficient convincing evidence of record to prove that plaintiff's job with defendant-employer caused or aggravated any condition from which she may now suffer.
2. The employee-plaintiff has failed to present any credible or convincing evidence that she was otherwise unable to work at suitable employment from December 31, 1993, through May 1, 1994, and thus is not disabled pursuant to N.C.G.S. 97-54 and97-2 (9).
3. The employee-plaintiff has failed to present any evidence that she has sustained any permanent partial disability.
Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
ORDER
1. The plaintiff's claim for benefits under the Workers' Compensation Act is HEREBY DENIED.
2. Each side shall bear its own costs.
This case is ORDERED REMOVED from the Full Commission hearing docket.
This the __________ day of ________________________, 1996.
 S/ __________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ __________________________ DIANNE C. SELLERS COMMISSIONER
S/ __________________________ THOMAS J. BOLCH COMMISSIONER
JHB/nwm